THIRD DISTRICT—DECEMBER, 1913.        83

Johnson v. Danville, Urbana and Champaign Ry. Co., 185 Ill. App. 83.

## Abstract of the Decision.

1.  BILLS AND NOTES, § 358*—*when plea of want of consideration demurrable.* In an action on a promissory note, a special plea of want of consideration setting up that the note was given for a release of defendant by plaintiff from a void contract of guaranty, *held* inartificially drawn and subject to special demurrer.

2.  APPEAL AND ERROR, § 1361*—*when refusal to permit filing of additional pleas not error.* Refusal of court to permit the filing of additional pleas, *held* not error, where application to file them was not made until the case was called for trial.

3.  APPEAL AND ERROR, § 986*—*when denial of motion for continuance not presented for review.* The question whether the court erred in overruling a motion for a continuance is not preserved for review, where there is no motion for a continuance or showing thereon in the bill of exceptions.

———————

## Joseph W. Johnson, Appellee, v. Danville, Urbana and Champaign Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed December 27, 1913.

## Statement of the Case.

Action by Joseph W. Johnson against the Danville, Urbana and Champaign Railway Company to recover damages for personal injuries sustained by plaintiff caused by being struck by a telephone pole which the employes of defendant were lowering by means of ropes when plaintiff was driving along a public highway. From a judgment in favor of plaintiff for $2,500, defendant appeals.

84    APPELLATE COURTS OF ILLINOIS.

Johnson v. Danville, Urbana and Champaign Ry. Co., 185 Ill. App. 83.

CHARLES TROUP, for appellant; GEORGE W. BURTON, of counsel.

JOHN J. REA, WALTER C. LINDLEY and F. T. CARSON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. DAMAGES, § 162*—*allegations sufficient to admit of proof of damages resulting from inability to work.* The rule in this State is that in order to recover compensation for inability to work at plaintiff's ordinary and usual employment or business, all that is necessary in the declaration is the general averment of such inability caused by the injury and consequent loss and damage, and that proof of his particular employment or business and of his ordinary wages and earnings therein is admissible in evidence under such general averment.

2. DAMAGES, § 174*—*when testimony as to earning capacity inadmissible.* In an action for personal injuries permitting plaintiff, over objection, to testify as to what he could earn instead of what he did earn in his business, *held* error.

3. DAMAGES, § 213*—*when instruction for damages for personal injuries erroneous.* In an action for personal injuries, an instruction that if the jury believe from the evidence that plaintiff "was injured in his ability to labor and attend to his affairs and generally pursue the course of life he might otherwise have done as well since as before the injury" and that such injuries were inflicted through the negligence of defendant, "then the jury may assess such damages as will compensate the plaintiff for all the loss he may have sustained that is a necessary result of such injuries, if the evidence shows he sustained any loss as a result of such injuries," *held* erroneous as not confining the jury in their assessment of damages to the evidence on the question of damages.

4. EVIDENCE, § 442*—*when opinion of physician based on testimony in the case improper.* In an action for personal injuries where the manner in which plaintiff was injured was not disputed, permitting physicians to testify as to whether the circumstances of the accident would have caused the injury, basing their opinion upon the testimony of plaintiff as to how he had been injured, *held* improper.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.